UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE
CIVIL ACTION NO.  3:07CV-P296-S

JOSEPH WAYNE ALLEN                                              PLAINTIFF

v.

LOUISVILLE METRO DEPARTMENT OF CORRECTIONS *et al.*          DEFENDANTS

<u>MEMORANDUM OPINION</u>

This matter is before the Court on Defendant Tom Campbell's motion for summary judgment.  Fully briefed, the motion is ripe for decision.  For the reasons set forth below, the Court will grant summary judgment in favor of Defendant Campbell.

**I.**

Plaintiff, Joseph Wayne Allen, filed this *pro se* civil action pursuant to 42 U.S.C. § 1983. Plaintiff is currently incarcerated at the Zephyrhills Correctional Institution in Zephyrhills, Florida.  This action, however, arises from Plaintiff's incarceration at the Louisville Metro Jail Complex, a jail facility maintained by the Louisville Metro Department of Corrections located in Jefferson County, Kentucky.  The Court previously conducted an initial screening of the complaint pursuant to 28 U.S.C. § 1915A.  The Court determined that Plaintiff would be permitted to proceed with his individual capacity claims for damages against Defendant Tom D. Campbell, Director of the Louisville Metro Department of Corrections, based on Defendant Campbell's alleged failed to protect Plaintiff from a March 31, 2006, assault by fellow inmates and failure to provide Plaintiff with adequate medical care for injuries he received in the assault.

Plaintiff alleges that on March 31, 2006, he was violently attacked by a gang of more than ten young African American inmates.  Plaintiff claims to have suffered the loss of a molar tooth and a broken front tooth; two broken ribs; multiple lacerations; and bruises about his head, shoulders, upper torso, and legs.  He claims that the attack could have been prevented if his

requests for protective custody had been granted earlier.  He also states that he suffered severe pain and agony for sixty days before receiving dental treatment for the injuries sustained in the attack.  Plaintiff requests ten million dollars in damages.

At the time of the incident on March 31, 2006, Defendant Campbell was the Director of the Louisville Metro Department of Corrections.  (DN 23, Part11).  He avers that he neither made any decisions nor reviewed any decisions relating to Plaintiff's protection and safety or medical care.  *Id.*  Plaintiff does not rebut these assertions.  Rather, Plaintiff claims that Defendant Campbell should be held liable because as "Director of Louisville Metro Department of Corrections, Mr. Tom Campbell had an obligation and ministerial duty to enforce any and all applicable laws, rules, regulations, customs, practices, policies and procedures as they relate to Plaintiff's 'Protection and Safety.'"

## II.

To grant a motion for summary judgment, the Court must find that the pleadings, together with the depositions, interrogatories, and affidavits, establish that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56.  The moving party bears the burden of specifying the basis for its motion and of identifying that portion of the record which demonstrates the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  Once the moving party satisfies this burden, however, the non-moving party must produce specific facts demonstrating a genuine issue of fact for trial.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

Although the Court reviews the evidence in the light most favorable to the non-moving party, the non-moving party is required to do more than show there is some "metaphysical doubt" as to the material facts.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574,

2

586, (1986).  "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]."  *Anderson*, 477 U.S. at 252.

### III.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  "Respondeat superior[1] is not a proper basis for liability under § 1983."  *McQueen v. Beecher Cmty. Schs.*, 433 F.3d 460, 470 (6th Cir. 2006).  "Nor can the liability of supervisors be based solely on the right to control employees, or simple awareness of employees' misconduct."  *Id.* (internal quotations omitted).  "In order for supervisory liability to attach, a plaintiff must prove that the official 'did more than play a passive role in the alleged violation or showed mere tacit approval of the goings on.'"  *Loy v. Sexton*, 132 F. App'x 624, 626 (6th Cir. 2005) (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).  In other words, "liability under § 1983 must be based on active unconstitutional behavior."  *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir.1999).  "A supervisor's awareness of allegations of unconstitutional conduct and failure to act are not a basis for liability."  *McCurtis v. Wood*, 76 F. App'x 632, 634 (6th Cir. 2003).  Thus, Defendant Campbell's position as Director of Louisville Metro Department of Corrections does not automatically make him liable for the actions/inactions of his subordinates.  *See, e.g.*, *Brown v. Green*, No. 97-1117, 1997 U.S. App. LEXIS 35331 (6th Cir. Dec. 12, 1997) ("Defendant

---

[1]Respondeat superior is "the doctrine under which liability is imposed upon an employer for the acts of his employees committed in the course and scope of their employment." BALLENTINE'S LAW DICTIONARY (3d ed. 1969).

Green, being sued in her official capacity as the Medical Director of the Michigan Department of Corrections, cannot be held liable for an alleged constitutional violation, because the doctrine of respondeat superior does not apply in § 1983 lawsuits to impute liability onto supervisory personnel."); *Farrow v. West*, 320 F.3d 1235, 1238 n.1 (11th Cir. 2003) (holding that the regional director of prison medical services was not liable for actions of subordinate medical staff). Because Plaintiff's allegations against Defendant Campbell relate only to his role as Director of Louisville Metro Department of Corrections, Defendant Campbell is entitled to summary judgment.[2] *See Shehee*, 199 F.3d at 300.

Consistent with this Memorandum Opinion, the Court will enter summary judgment in favor of Defendant Campbell.

Date:

cc:     Plaintiff, *pro se*
        Counsel of record

4411.008

---

[2]Defendant also argues that he is entitled to summary judgment because Plaintiff did not properly exhaust his administrative remedies prior to filing suit. The Court is permitted to dispose of a claim that is meritless without first requiring exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(c)(2). As such, the Court expresses no opinion on whether Plaintiff properly exhausted his administrative remedies.